**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JENNY STAFFORD**                                                                        **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO.: 3:15-CV-140-DMB-JMV**

**DESOTO ACQUISITION AND DEVELOPMENT CORPORATION;**
**MEMPHIS STREET CAFÉ, LLC; and**
**NATALIA GUDKOVSKAYA**                                                          **DEFENDANTS**

**ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal for lack of federal jurisdiction as explained hereafter.[1]  Dismissal may be avoided by the filing of a statement of jurisdiction within five (5) days of the date of this order, asserting an appropriate basis for federal court jurisdiction.

The Complaint [1] in this case purports to found federal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332, but it does not adequately identify the citizenship of the parties.  "The party asserting diversity jurisdiction must 'distinctly and affirmatively allege[ ]' the citizenship of the parties."  *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).  The Complaint states Defendant, Memphis Street Café, LLC, "is a Mississippi corporation with its principal place of business located at 2476 Memphis Street, Hernando, MS 38632. . . . Memphis Street Café, LLC may be served with service of process of this Court through its designated agent for service of process who is Natalia Gudkovskaya, and whose address for service of process is 2836 Elise Drive, Hernando, MS 38632."

---

[1] Although defendant has not raised the issue of a failure in this respect, the Court must make an independent inquiry into its jurisdiction.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

The Complaint, however, makes no reference to the citizenship of the LLC members. For diversity jurisdiction purposes, a limited liability company's citizenship is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Thus, it does not appear on the face of the Complaint that this Court has subject matter jurisdiction. As noted, this defect in the allegations of the Complaint may be corrected by the filing, within five (5) days of the date of this order, of a statement of jurisdiction outlining the appropriate states of citizenship necessary to establish complete diversity.[2] Failure to do so will result in the Court dismissing this case for lack of subject matter jurisdiction.

**SO ORDERED** this, the 21st day of September, 2015.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[2] "For purposes of diversity jurisdiction, the domicile of the parties as opposed to their residence, is the key." *Combee v. Shell Oil Co.,* 615 F.2d 698, 700 (5th Cir. 1980).