**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

JENNY STAFFORD                                                        PLAINTIFF

V.                                                           NO. 3:15-CV-00140-DMB-JMV

DESOTO ACQUISITION AND
DEVELOPMENT CORPORATION;
MEMPHIS STREET CAFÉ, LLC; and
NATALIA GUDKOVSKAYA                                                   DEFENDANTS

## OPINION AND ORDER GRANTING SUMMARY JUDGMENT

This negligence action brought by Jenny Stafford is before the Court on the motions for

summary judgment of DeSoto Acquisition and Development Corporation; Memphis Street Café,

LLC; and Natalia Gudkovskaya. Doc. #51; Doc. #53. Also before the Court is the motion in

limine of Memphis Street Café and Gudkovskaya, Doc. #66, joined by DeSoto Acquisition and

Development Corporation.

**I
Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is

appropriate when there are no genuine issues as to any material facts, and the moving party is

entitled to judgment as a matter of law." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals

P'ship,* 520 F.3d 409, 411 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23

(1986)). To award summary judgment, "[a] court must be satisfied that no reasonable trier of

fact could find for the nonmoving party or, in other words, that the evidence favoring the

nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Id.*

at 411–12 (internal quotation marks and citation omitted). To this end, "[t]he moving party bears

the burden of establishing that there are no genuine issues of material fact." *Id.* at 412.

"If … the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (citation omitted). If the moving party makes the necessary demonstration, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Id.* In making this showing, "the nonmoving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 191–92 (5th Cir. 2011) (citation and internal punctuation omitted). When considering a motion for summary judgment, the Court "resolve[s] factual controversies in favor of the nonmoving party." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## II
## Procedural History

On August 12, 2015, Jenny Stafford filed a complaint in this Court against DeSoto Acquisition Corporation ("DeSoto Acquisition"); Memphis Street Café, LLC ("Café"); and Natalia Gudkovskaya. Doc. #1. The complaint alleges that Stafford suffered injuries when she slipped and fell on an inadequately lit stairway leading down to the Café. Stafford alleges that the inadequate lighting was the result of negligence by the Café; Gudkovskaya, the owner of the Café; and DeSoto Acquisition, the owner of the building housing the Café. DeSoto Acquisition answered the complaint on September 14, 2015, and the Café and Gudkovskaya (collectively, "Café Defendants") filed a joint answer three days later. Doc. #4; Doc. #7.

On June 10, 2016, following a period of discovery, DeSoto Acquisition filed a motion for summary judgment. Doc. #51. The Café Defendants filed a joint motion for summary judgment on June 13, 2016. Doc. #53. After receiving extensions, Stafford responded in opposition to both motions on July 11, 2016. Doc. #57; Doc. #59. DeSoto Acquisition and the Café Defendants each replied on July 19, 2016. Doc. #61; Doc. #62.

On December 7, 2016, the Café Defendants filed a motion in limine seeking to exclude "testimony or evidence concerning any alleged violation of the zoning or design standard ordinances for the city of Hernando, Mississippi." Doc. #66. On December 9, 2016, Stafford responded in opposition to the motion in limine. Doc. #67. Later that day, DeSoto Acquisition "joined" the motion.[1] Doc. #69. The Café Defendants replied in support of the motion in limine on December 12, 2017, Doc. #70, and Stafford filed a sur-reply[2] four days later, Doc. #74.

### III
### Hearsay Objection

In their motions for summary judgment, the defendants argue that a fact testified to by Stafford during her deposition may not be used to oppose the respective motions for summary judgment. Specifically, the defendants argue as inadmissible hearsay Stafford's statement that, after her fall, a member of the "restaurant staff" walked over to her and said, "We realized the

---

[1] The Café Defendants' motion in limine, and DeSoto Acquisition's joinder, are both untimely. Under the Case Management Order issued October 21, 2015, "[t]he deadline for motions *in limine* is fourteen days before the pretrial conference …." Doc. #18 at ¶ 8. While the date for the pretrial conference was changed three times, on August 8, 2016, it was last set for December 20, 2016, Doc. #65; making the deadline for motions in limine December 6, 2016.

[2] "While it is true that the Federal Rules of Civil Procedure do not expressly allow for a surreply by a nonmovant, ... a sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage." *16 Front St. LLC v. Miss. Silicon*, *LLC*, 162 F.Supp.3d 558, 560 (N.D. Miss. 2016) (internal alterations and quotation marks omitted). Stafford did not seek leave to file a sur-reply and has not established sufficient grounds for doing so. However, because the motion in limine will be denied as moot, the sur-reply need not be considered.

light was out and we were ... aiming to fix it." Doc. #52 at 8; Doc. #54 at 5. Stafford does not respond to this argument.

"Unsubstantiated hearsay evidence that would not be admissible at trial does not suffice to raise a genuine issue of material fact." *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 F. App'x 159, 161 (5th Cir. 2008) (citing *Clary v. Comput. Assocs. Intern., Inc.*, 109 F.3d 765, 765 (5th Cir. 1997)). Under Rule 801 of the Federal Rules of Evidence, hearsay is defined as a "statement that … the declarant does not make while testifying at the current trial or hearing [and] a party offers in evidence to prove the truth of the matter asserted in the statement." "Once a party has properly objected to evidence as inadmissible hearsay, the burden shifts to the proponent of the evidence to show, by a preponderance of the evidence, that the evidence falls within an exclusion or exception to the hearsay rule and was therefore admissible." *Loomis v. Starkville Miss. Pub. Sch. Dist.*, 150 F.Supp.3d 730, 742–43 (N.D. Miss. 2015) (internal quotation marks and alterations omitted).

Here, the defendants correctly argue that the statement attributed to the unnamed woman, as stated by Stafford, is hearsay if offered for the purpose of showing that the woman (allegedly an employee of the Café) knew the light was out. Accordingly, Stafford must show that the statement falls within an exclusion or exception to the hearsay rule. Stafford has wholly failed in this regard by not responding to the argument. Accordingly, the statement attributed to the unnamed woman will not be considered in evaluating the motions for summary judgment.[3]

---

[3] Although not raised by Stafford, the Court notes that Stafford's failure to identify the woman precludes the Court from finding the statement was an admission of a party opponent made within the scope of employment. *See Evans v. Port Auth. of N.Y. and N.J.*, 192 F.Supp.2d 247, 265 ("The only possible ground for admissibility is that the statements by the unidentified 'managers' are admissions of the Authority. As the alleged 'managers' are not identified, however, it is impossible to tell whether the statements concern matters within the scope of their employment.") (collecting cases).

## IV
## Factual Background

### A. The Premises and Lease Agreement

During the time period relevant to this suit, Gudkovskaya owned and operated the Café located at 2476 Memphis Street in Hernando, Mississippi. Doc. #58-3 at 4, 10; Doc. #58-4. The property housing the Café was owned by DeSoto Acquisition and leased to Gudkovskaya's husband, Christopher Lee. Doc. #58-4. Of relevance here, the lease, among other things, required DeSoto Acquisition to "provide all maintenance, repairs, and replacements [on] … exterior lighting" and granted DeSoto Acquisition "the right … to enter [the] premises at reasonable hours … for the purpose of inspecting the premises and to make such repairs as Lessor may deem necessary for the protection and preservation of the said building and premises." Doc. #58-4 at ¶¶ 20, 30.

The Café maintained two entrances – a front door and back door. Doc. #58-3 at 8. To access the front door, which was located below street level, customers had to travel down a set of steps. Doc. #58-3 at Ex. 3. The stairway, which included a handrail, was covered by an overhang and was lit by a single light[4] placed on the wall above the front door. *Id.*; Doc. #58-1 at 19–21. The light was wired to turn on "when it start[ed] getting dark." Doc. #58-2 at 14.

### B. The Incident

On February 7, 2014, Stafford traveled to the Café with Chuck French. Doc. #58-1 at 16. At the time Stafford and French arrived, the light above the stairway was out but the stairway was partially lit by the moon or a nearby streetlight. *Id.* at 21–22. According to Stafford, the top half of the stairway was lit but the bottom half was "extremely dark but not pitch black …." *Id.*

---

[4] Sometime later, the restaurant replaced the single light because it "either stopped working or just was working very dim." Doc. #58-2 at 14. Additionally, the Café added additional lighting around the stairway. *Id.* According to Chris Lee, the additional lighting was "decorative" and to "show people where the staircase was." *Id.* at 14–15.

at 24–25. Stafford noticed the "partial light" but "assumed that the restaurant was a safe place to go and have an entrance into …." *Id*. at 21. Stafford and French proceeded down the stairway, with French to Stafford's left and Stafford using the handrail to her right. *Id*. at 19–21.

At some point, Stafford assumed that she had reached the bottom of the stairwell and stepped onto what she believed to be the landing. *Id*. at 25–26. Unfortunately, Stafford, who was not on the landing, tripped over a remaining stair. *Id*. at 27–28. Stafford fell on her hands and knees on the landing and "could not get back up." *Id*. at 28. French and "some of the restaurant people" took Stafford into the restaurant and sat her at the first table next to the door. *Id*. at 28–29.

Stafford and French ordered dinner. *Id*. at 33. French ate his meal but Stafford "was not able to eat ... because [she] was sick." *Id*. At the end of the meal, which lasted approximately ninety minutes, French and Stafford, with the assistance of restaurant staff, exited through the back door. *Id*. at 34, 36.

Later that evening, Stafford, who was still unable to walk, called her son to take her to the emergency room. *Id*. at 37–40. While the nature of Stafford's injuries are unclear from the record, she used a combination of a walker, crutches, and a wheelchair for approximately five months. *Id*. at 42.

**V**
**DeSoto Acquisition's Motion for Summary Judgment**

As a general matter, to prevail in a premises liability action, a plaintiff must show that: (1) the defendant owed a duty to the plaintiffs; (2) the defendant breached that duty; (3) damages; and (4) "a causal connection between the breach of that duty and the damages, such that the breach is the proximate cause of the … injuries." *Galanis v. CMA Mgmt. Co.*, 175 So.3d

1213, 1216 (Miss. 2015).[5]  In its motion, DeSoto Acquisition argues that it is entitled to summary judgment because it did not have knowledge of the allegedly defective condition and did not, therefore, breach a duty to Stafford.  Doc. #52 at 6–8.  Stafford responds that DeSoto Acquisition had the knowledge required to establish liability under a general premises liability theory.  Doc. #58 at 5–8.  Additionally, Stafford argues she is "entitled to recover for negligence per se." *Id*. at 8.

### A.  Premises Liability Theory

> Absent an exception, the analysis of premises liability involves three steps, described in *Little ex rel. Little v. Bell*, 719 So.2d 757 (Miss.1998). This procedure involves first determining the status of the injured person as either invitee, licensee, or trespasser. After this is done, the next step is to assess, based on the injured party's status, what duty the landowner/business operator owes to them. The last step is to determine whether the landowner/business operator breached the duty owed to the injured party.

*Titus v. Williams*, 844 So.2d 459, 467 (2003).

Practically, "[f]or a plaintiff to recover in a slip-and-fall case, he must show one of the following: (1) a negligent act by the defendant caused the plaintiff's injury; (2) the defendant had actual  knowledge of a dangerous condition; or (3) a dangerous condition existed for a sufficient amount of time to establish constructive knowledge of a dangerous condition." *Elston v. Circus Circus Miss., Inc.*, 908 So.2d 771, 773 (Miss. Ct. App. 2005) (citing *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss. 1992)).

Here, DeSoto Acquisition concedes that Stafford was an invitee but argues that she cannot satisfy any of the three criteria for establishing liability.  Doc. #52 at 6.  In response, Stafford argues that knowledge may be imputed to DeSoto Acquisition based on (1) the

---

[5] Subject matter jurisdiction in this case is based on diversity jurisdiction.  "The *Erie* doctrine requires a federal court sitting in diversity to apply the state law in which it sits." *Lowe v. Heart Commc'ns, Inc.*, 487 F.3d 246, 252 n.4 (5th Cir. 2007).

statement by the unnamed Café employee and (2) a theory of constructive notice derived from DeSoto Acquisition's "affirmative duty to stay informed of the conditions associated with [the] property." Doc. #58 at 7.

### 1. Statement of Unnamed Café Employee

As explained above, the alleged statement of the unnamed employee is hearsay and may not be used to defeat summary judgment. Accordingly, the statement cannot create a genuine issue of fact as to DeSoto Acquisition's knowledge that the light was not working.

### 2. Constructive Knowledge

"Constructive knowledge is present where, based on the length of time that the condition existed, the operator exercising reasonable care should have known of its presence." *Anderson v. B.H. Acquisition, Inc.*, 771 So.2d 914, 918 (Miss. 2000) (internal quotation marks omitted). "The plaintiff must produce admissible evidence of the length of time that the hazard existed and the court will indulge no presumptions to compensate for any deficiencies in the plaintiff's evidence as to the time period. The plaintiff must present specific proof as to the actual relevant length of time." *Jacox v. Circus Circus Miss., Inc.*, 908 So.2d 181, 185 (Miss. Ct. App. 2005) (internal citations omitted); *see U.S. Postal Serv. v. McGee*, No. 1:07-cv-298, 2008 WL 5070366, at *4 (N.D. Miss. Nov. 21, 2008) ("Even if the court were to strain to find the possibility of constructive knowledge, the plaintiff cannot meet the burden announced in *Jacox* ....").

Stafford, citing to *Higginbotham v. Hill Brothers Construction Co.*, 962 So.2d 46, 59 (Miss. Ct. App. 2006), argues that "[c]onstructive notice may be asserted in situations where the defendant has an affirmative duty to stay informed of the conditions associated with a particular piece of property." Doc. #58 at 6. Stafford contends that the lease agreement "created such an

affirmative duty by granting … a right of entry to make repairs, requiring DeSoto to maintain the exterior lighting of the building, and reserving for DeSoto the right to use the common areas." *Id*. at 7.

In its reply, DeSoto Acquisition concedes that Stafford may *assert* constructive knowledge based on a duty to enter but argues that she cannot actually meet her burden of proof under the doctrine. Doc. #61 at 3–4. This Court agrees. Stafford has offered absolutely no evidence that the inadequate lighting existed for a sufficient period of time such that DeSoto Acquisition, in the exercise of its duties to inspect and repair the premises, should have known of the dangerous condition. Furthermore, Stafford has offered no authority which would show that the reservation of the right to enter combined with the duty to make certain repairs acts as an exemption to the constructive knowledge temporal requirement.[6] Accordingly, because Stafford's imputed knowledge argument cannot be sustained, summary judgment on her premises liability negligence claim is warranted. *See Sullivan v. Skate Zone, Inc.*, 946 So.2d 828, 832 (Miss. Ct. App. 2007) ("We find a total lack of evidence existed to determine how the

---

[6] In a separate section of her brief, Stafford, citing to *Hurst v. English*, 357 So.2d 132 (Miss. 1978), and section 324A of the Restatement (Second) of Torts, argues that DeSoto Acquisition's reservation of the right to enter combined with the duty to maintain various aspects of the premises imposes liability on DeSoto Acquisition in this case irrespective of actual or constructive knowledge. Doc. #58 at 8–9. Neither authority supports this proposition.

In *Hurst*, the Mississippi Supreme Court held that "[i]f the part of the premises to be kept in repair is in the legal possession of the landlord or if he has reserved the legal privilege of entry, so that at all reasonable times he may investigate for himself to discover leaks in the roof or stoppages in a pipe, it should usually be held that *notice to the landlord by the tenant is not a condition precedent to the landlord's duty*." 357 So.2d at 134 (emphasis added). *Hurst* did not hold that a right of entry is a substitute for actual or constructive knowledge. Rather, the opinion merely held that where there is a right of entry, knowledge of a defect need not come from the tenant. Here, DeSoto Acquisition's right of entry means only that notice of the inadequate lighting need not have come from the Café; however, knowledge was still required.

Next, the Restatement provides that one who renders services to another "which he should recognize as necessary for the protection of a third person" may be liable to the third person for a "*failure to exercise reasonable care*" if "he has undertaken to perform a duty owed by the other to the third person …." Restatement (Second) of Torts § 324A (1965) (emphasis added). Even if this section applied here, as DeSoto Acquisition argues in its brief, in the absence of evidence that DeSoto Acquisition caused the inadequate lighting or failed to remedy the lighting upon actual or constructive knowledge, the Court cannot conclude that DeSoto Acquisition failed to exercise reasonable care with respect to the light.

[dangerous condition] came to be … or how long it had been there. The trial court was … correct in granting summary judgment under the constructive knowledge theory of premises liability.").

## B. Negligence Per Se[7]

In a premises liability action, "[t]o establish negligence per se, [a plaintiff] must show: (1) [the defendant] breached a statute or ordinance; (2) [the plaintiff] was within the class protected by the statute or ordinance; and (3) the violation proximately caused [the] injury." *Estate of Kiihnl v. Family Dollar Stores of Miss., Inc.*, 197 So.3d 920, 924 (Miss. Ct. App. 2016) (internal quotation marks omitted).

Stafford, citing the Design Standards Ordinance for the City of Hernando, argues that "[t]he building ordinance of Hernando ... requires adequate exterior lighting at all times so that the area will be safe for occupants and visitors [and] also requires that all entrances and exits to a building be lighted." Doc. #58 at 3. The ordinance cited by Stafford, which is located in the "Minimum Standards of Design" section of the design ordinance, requires that:

> A lighting plan for all exterior lighting shall be submitted with the required Development Plan complying with the following standards and specifications:
>
> Private streets, driveways, parking lots, walks and services areas shall be kept properly and adequately lighted at all times so that the area will be safe for occupants and visitors .... All entrances and exits to both the subject property and any proposed structures shall be lighted.

Doc. #58-6 at 18 (internal numbering omitted).

In its reply, DeSoto Acquisition submits that Stafford "has failed to show how the ... ordinance in question applies under the facts of this case." Doc. #61 at 5. Again, this Court agrees. The cited provision relates to the submission of a lighting plan. It does not govern the

---

[7] Though Stafford argues negligence per se in response to the summary judgment motion, no express negligence per se claim appears to be alleged in her complaint. However, "negligence per se is a subset of negligence in general ...." *Snapp v. Harrison*, 699 So.2d 567, 571 (Miss. 1997). Accordingly, a "pleading of negligence ... encompass[es] negligence per se." *Id*.

operation or maintenance of a building itself. Stafford has offered no evidence or argument how the allegedly inadequate light violated the cited provision's requirement of the submission of a development plan. Indeed, Stafford has not introduced the Café's development plan or argued that the Café' failed to submit one as required by the design ordinance. In the absence of such evidence, Stafford cannot establish a violation of a statute or ordinance to support her negligence per se argument.

### C. Summary

For the reasons above, the Court concludes that Stafford cannot prove a premises liability or negligence per se claim against DeSoto Acquisition. Accordingly, DeSoto Acquisition's motion for summary judgment will be granted.

### VI
### Café Defendants' Motion for Summary Judgment

In seeking summary judgment, the Café Defendants, like DeSoto Acquisition, argue that Stafford's negligence claims must fail because the Café Defendants did not cause the light to go out and did not have actual or constructive knowledge of the allegedly defective light. Doc. #54 at 6. Stafford responds that knowledge is established by the statement of the unnamed employee and that even if knowledge cannot be shown, the Hernando design ordinance supports a claim for negligence per se. Doc. #60 at 6. However, as explained above, Stafford may not use the hearsay statement to oppose summary judgment, and she has not shown how the design ordinance was violated by the Café Defendants. Accordingly, Stafford is unable to establish a negligence claim against the Café Defendants under either a traditional premises liability theory or under a negligence per se theory.

## VII
## Motion in Limine

Having found that the motions for summary judgment, which address all claims in this action, should be granted, a trial in this matter is no longer necessary. Accordingly, the Café Defendants' motion in limine, as well as DeSoto Acquisition's joinder, will be denied as moot.[8]

## VIII
## Conclusion

For the reasons above, the motions for summary judgment of DeSoto Acquisition [51] and the Café Defendants [53] are **GRANTED**. The Café Defendants' motion in limine [66], joined by DeSoto Acquisition, is **DENIED as moot**.

**SO ORDERED**, this 5th day of January, 2017.


**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[8] If not deemed moot, the motion in limine and joinder would have been denied as untimely for the reasons explained above in footnote 1. Neither the Café Defendants nor DeSoto Acquisition requested an extension of the deadline for motions in limine, and neither has offered any reason establishing good cause to extend the deadline for excusable neglect.